SESAC, INC., et al., Plaintiffs,

v.

WPNT, INC., Saul Frischling, Gregg Frischling, Todd Frischling and Michael Frischling, Defendants.

Nos. CIV.A.98–1155, CIV.A.00–1175.

United States District Court,
W.D. Pennsylvania.

Sept. 23, 2003.

Gray A. Rosen, Philadelphia, PA, for Plaintiffs.

Richard J. Antonelli, Littler Mendelson, P.C., Pittsburgh, PA, for Defendants.

## ORDER

CINDRICH, District Judge.

Pending is defendants' Motion for a New Trial on Damages or, in the Alternative, Remittitur (Doc. 114), to which plaintiffs have filed a response. For essentially the reasons set out in more detail in plaintiffs' brief in opposition to the motion, we will deny it.

Plaintiffs make four main points. First, although the jury verdict was large, it was based upon the charge and the verdict slip the defendants asked for and received. Defendants requested that the verdict slip require a separate entry for each song and that the jury consider the damages peculiar to each separate infringement. Plaintiff objected, favoring a verdict slip which would permit the jury to award one lump sum. It is certainly possible that the defendant's strategy resulted in a larger verdict than might have been if there had been just one finding on damages. Defendants now want us to vacate that verdict and grant a new trial or reduce the verdict to one lump sum and ignore the song-by-song approach they advocated.

We think either methodology would have been appropriate under the law, but the method defendants chose had the advantage of focusing the jury on the damage elements appropriate to each unlawful play. That the jury did just that is evi-

denced by the fact that the amount of damages awarded per infringement varies, depending on the jury's assessment of willfulness and the other factors it was charged to consider.

■ Second, defendants told the jury that the amount of damages would depend on their assessment of whether Saul Frischling was an honest businessman. In other words, they based their defense in large part on Mr. Frischling's credibility. Assessing credibility is the jury's responsibility and in light of the verdict, they obviously did not find him to be very credible after hearing all of the admissible evidence both sides had to offer. It would be wrongful for the court to substitute its credibility judgment for that of the jury and we decline to do so.

Third, defendants selectively culled the evidence to find the points most favorable to them while ignoring evidence to the contrary. For example, they point to their successful efforts to screen SESAC songs which they made a central part of the defense of the case. However, there was also evidence indicating that they did not make any earnest effort to stop illegally broadcasting songs under plaintiffs' license until after the lawsuit was filed and underway, even though prior to the lawsuit they had been notified repeatedly of unauthorized plays. Certainly, the jury could have properly interpreted this evidence as indicative of willfulness.

Fourth, the non-precedential cases cited by defendants in support of their argument that the verdict should be in some ratio to the cost of the license, differ somewhat from the applicable facts here. Each of them involved bench trials in which the court awarded damages in the amount requested by plaintiff. It would be highly unlikely to expect the court to have done otherwise. Moreover, as plaintiffs correctly note, the total verdict in this case was somewhere below the middle range of the statutory range of damages. Also, the large damage awards here were associated only with those songs where there was a finding of willful infringement.

■ Obviously, part of the purpose for the increased statutory damages for willfulness is deterrence. To the extent that the courts in the cases cited by defendants found that the deterrent effect should be relative to the cost of the license, we disagree. Here, for example, the license was approximately $6,000 a year. If it considered the cost of the license at all, the jury may well have determined that a statutory damages award ratio of 10 to 1, or $60,000, would not constitute a sufficient deterrent for willful infringement by defendants, considering that their stations' annual revenues average $5,000,000.

As with all other deterrent-type damages schemes, the deterrent damages have to hurt the offender's pocketbook enough for him or her to take notice. The Congress specifically assigned the task of determining the amount to be awarded as a deterrent and gave guidance in the form of the statutory range and the factors the jury is to consider. That is what the jury did here and there is no good reason for the court to interfere with the exercise of its fact finding where there is no claim that the jury was improperly instructed on the law or considered inadmissible evidence.

Last, it is Congress' prerogative to pass laws intended to protect copyrights and to prescribe the range of punishment Congress believes is appropriate to accomplish the statutory goal. The court should not interfere lightly with a carefully crafted statutory scheme by substituting its judgment for that of the legislature. In essence, that is what the defendants ask us to do.

Accordingly, this 23 day of September, 2003, it is hereby ORDERED that defendants' Motion for New Trial on Damages

or, in the Alternative, Remittitur, is hereby DENIED.